1 F.3d 1246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Thomas F. KLOOZ, Petitioner-Appellant,
v.
Jack MCCORMICK, Warden, Respondent-Appellee.
 No. 92-36895.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 3, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas F. Klooz, a Montana state prisoner, appeals pro se the district court's order dismissing his petition for writ of habeas corpus as a successive petition. Klooz argues that his conviction for deviate sexual conduct is not supported by the evidence. The district court found that Klooz's current petition raises a claim that was previously determined adversely to him, and that Klooz had failed to indicate a reason why the "ends of justice" dictate that his claim be considered again. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 When a district court denies consideration of the merits of a petition on the ground that it is successive, we review for abuse of discretion. Sanders v. United States, 373 U.S. 1, 18-19 (1963); Neuschafer v. Whitley, 860 F.2d 1470, 1474 (9th Cir.1988), cert. denied, 493 U.S. 906 (1989).
 
 
 4
 A district court is not required to entertain a second or successive petition if "(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." Sanders, 373 U.S. at 15; see also, 28 U.S.C. Sec. 2244(a); Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C. foll. Sec. 2254.
 
 
 5
 Unless a habeas petitioner shows cause and prejudice for bringing a claim which raises grounds identical to grounds heard and decided on the merits in a previous petition, a court may not reach the merits of the subsequent petition. Sawyer v. Whitley, 112 S.Ct. 2514, 2518 (1992); Campbell v. Blodgett, No. 92-35360, slip op. 5741, 5766 (9th Cir. June 8, 1993). Where a petitioner cannot establish cause, we may nevertheless review successive claims where the ends of justice require an opportunity for the petitioner to relitigate claims previously decided against him. Kuhlmann v. Wilson, 477 U.S. 436, 444-45 (1986). The "ends of justice" permits us to entertain successive claims only where a petitioner supplements his constitutional claims with a "colorable showing of factual innocence." Id. at 445; see also Sawyer, 112 S.Ct. at 2519 ("actual innocence" is the case where the State has convicted the wrong person on the crime).
 
 
 6
 Klooz concedes that one of the grounds raised in his first petition was that "the convictions are not supported by substantial credible evidence, or by any physical evidence to prove penetration." The district court dismissed Klooz's first petition after deciding the claims on the merits. Klooz attempted to appeal the dismissal, but both the district court and this court declined to issue a certificate of probable cause.
 
 
 7
 In his present petition, Klooz contends that there was a "complete lack of physical evidence to support a verdict of guilty by a jury trial of petitioner's peers. That the jury felt sorry for the alleged victim and nothing more." Klooz contends that his current claim was previously litigated and that the earlier claim was determined on the merits. Therefore, Klooz is entitled to have the merits of his present petition considered only if he can show cause and prejudice for bringing a petition that fails to present a new ground for relief. See Sawyer, 112 S.Ct. at 2518; Campbell, slip op. at 5766.
 
 
 8
 Klooz attempts to demonstrate cause for relitigating the same claim by arguing that he had relied on the assistance of a fellow inmate to file the first petition, and that the first petition did not contain "all" of the facts. However, a review of Klooz's present petition and other filings demonstrate that they contain no newly discovered evidence. Therefore, Klooz has not demonstrated cause for seeking a second review of his claim that there was insufficient evidence to convict him. See Sawyer, 112 S.Ct. at 2518; Campbell, slip op. at 5766.
 
 
 9
 Finally, because Klooz has not presented any newly discovered evidence nor made a "colorable showing of actual innocence," we agree with the district court that the "ends of justice" do not require a reexamination of his claim. See Sawyer, 112 S.Ct. at 2517-18; Campbell, slip op. at 5766-67.
 
 
 10
 Accordingly, the district court did not abuse its discretion in dismissing Klooz's petition for writ of habeas corpus as a successive petition. See Sanders, 373 U.S. at 18-19; Neuschafer, 860 F.2d at 1474.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Klooz's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the district court's dismissal of Klooz's petition, we deny his motion for appointment of counsel
 On appeal, Klooz attempts to raise issues not presented to the district court. Because he has not presented these claims to the district court they are not properly before this court; therefore, we decline to review them. See King v. Rowland, 977 F.2d 1354, 1357 (9th Cir.1992).